

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| RAVI AVI, LLC, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | Civil Action No. 5:21-01930-MGL |
| § | | |
| UR JADDOU, *Director, U.S. Citizenship* § | | |
| *and Immigration Services*, § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND AFFIRMING THE AGENCY DECISION**

### I.    INTRODUCTION

Plaintiff Ravi Avi, LLC (Ravi Avi) brings this action against Defendant Ur Jaddou, Director of the United States Citizenship and Immigration Services (USCIS) under the Administrative Procedure Act (APA), 5 U.S.C. § 500, *et seq*. The suit, however, is actually against the agency, USCIS. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a [federal] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). This Court has jurisdiction under 28 U.S.C. § 1331.

Pending before the Court are the parties' cross motions for summary judgment. Having carefully considered both motions, the responses, the replies, the record, and the applicable law, it is the judgment of the Court USCIS's motion for summary judgment will be granted, Ravi Avi's motion for summary judgment will be denied, and the Court will affirm USCIS' decision.

## II.     FACTUAL AND PROCEDURAL HISTORY

Ravi Avi appeals the USCIS decision (the decision) denying its Form I-129 petition (the petition) for an extension of L-1A nonimmigrant classification on behalf of Ghanshyambhai Patel (Patel).  An L-1 nonimmigrant visa, filed by an employer, allows temporary transfer to the United States for certain employees of foreign companies to work "in a capacity that is managerial, executive, or involves specialized knowledge[.]"  8 U.S.C. § 1101(a)(15)(L).

Ravi Avi is a company based in Orangeburg, South Carolina, that operates three gas station and convenience stores under the name Quick Pantry.  It is an affiliate of Shrijee Enterprises, Inc. (Shrijee), a Canadian company.  Patel has an ownership stake in both Ravi Avi (sixty percent) and Shrijee (one hundred percent).

Another agency, Customs and Border Patrol (CBP) approved Ravi Avi's initial L-1A visa application (initial visa) on Patel's behalf.  USCIS thereafter issued a Notice of Action "to confirm the approval" of the initial visa.  Notice of Action at 1.

Ravi Avi filed an extension request with USCIS, seeking to extend the classification as an intra-company transferee, international executive, or manager, in his capacity as president of Ravi Avi.  USCIS denied the request based on a determination that Ravi Avi had failed to establish Patel was an executive with both Shrijee and Ravi Avi.

USCIS subsequently reopened the petition for further consideration, but thereafter issued a Notice of Intent to Deny (NOID).  It provided Ravi Avi an opportunity to submit evidence of eligibility.  Following its response, USCIS issued the decision denying the petition.

Ravi Avi brought this APA action, claiming USCIS's denial of the petition was arbitrary and capricious.  It subsequently moved for summary judgment. USCIS filed a cross-motion, which also served as its response to Ravi Avi's motion.  Ravi Avi filed a response to USCIS's motion,

2

which also served as a reply in support of its motion.  Finally, USCIS filed a reply in support of its cross-motion.  The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motions.

### III.     STANDARD OF REVIEW

Under the APA, the Court must uphold an agency decision unless, as applicable here, it is arbitrary and capricious.  *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 414 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977).  Judicial review of agency action is highly deferential and begins with a presumption of validity.  *Natural Res. Def. Council v. Env't Prot. Agency*, 16 F.3d 1395, 1400 (4th Cir.1993).  The Court must also limit its review of an agency's action to the facts contained in the administrative record.  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins., Co.*, 463 U.S. 29, 43 (1983).

"In determining whether agency action was arbitrary and capricious, the [C]ourt must consider whether the agency considered the relevant factors and whether a clear error of judgment was made." *Ohio Valley Env't Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009) (citing *Volpe*, 401 U.S. at 416).  The scope of review under the APA is narrow, however, "the [C]ourt must nonetheless engage in a 'searching and careful' inquiry of the record." *Id.* (citing *Volpe*, 401 U.S. at 416).

In other words, a final agency determination is arbitrary and capricious if:

the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

3

*State Farm*, 463 U.S. at 43. The Court will thus "uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned." *Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 286 (1974).

**IV.     DISCUSSION AND ANALYSIS**

Before turning to the parties' arguments, the Court will provide a brief primer on the applicable immigration law.

For an employee to receive an L-1 nonimmigrant visa, the petitioner must establish that the employee's duties in the United States will be "primarily" executive, managerial, or requiring specialized knowledge, 8 U.S.C. § 1101(a)(44), by a preponderance of the evidence, *see Matter of Martinez-Gonzalez*, 21 I&N Dec. 1035, 1036 (B.I.A. 1997) ("In visa petition proceedings, . . . the petitioner must prove by a preponderance of the evidence that the beneficiary is fully qualified for the benefit sought."). Further, it must show that the employee worked in a managerial or executive capacity, or a capacity requiring specialized knowledge, for a qualifying organization preceding the petition. 8 U.S.C. § 1101(a)(15)(L).

"Managerial" employees must, among other things, primarily manage the organization, a department, or a function within the organization. *Id.* § 1101(a)(44)(A)(i). If they supervise others, those supervisees must be other supervisory, professional, or managerial personnel. *Id.* § 1101(a)(44)(A)(ii). In other words, "[a] first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's supervisory duties unless the employees supervised are professional. *Id.* § 1101(a)(44)(A).

Likewise, "executive," employees must, among other things, "direct[] the management" of the organization rather than conduct its business directly. 8 U.S.C. § 1101(a)(44)(B)(i). They

4

must "establish[] the goals and policies" of the organization and "exercise[] wide latitude in discretionary decision-making[.]" *Id.* § 1101(a)(44)(B)(ii), (iii).

### A.     Whether USCIS violated its own deference policy

Ravi Avi insists that USCIS violated its deference policy by failing to explain its change in position from the grant of the initial visa.  USCIS maintains CBP granted the initial visa and thus the deference policy is inapplicable.

Government agencies must follow their own applicable rules, regulations, and policies. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–67 (1954), *superseded by statute on other grounds as stated in Dep't of Homeland Sec. v. Thuraissigiam*, 140 S.Ct. 1959 (2020) (reasoning that while regulations remained in effect, agency is bound to them).  Thus, the Court must first determine whether USCIS's deference rule applies in this case.

In cases when USCIS approved an initial petition, "[w]hen adjudicating a subsequent petition or application involving the same parties (for example, petitioner and beneficiary) and the same underlying facts, officers should defer to a prior determination that the beneficiary or applicant is eligible for the nonimmigrant classification sought, where appropriate." USCIS Policy Manual, Vol. 2, Chapter 4 § B(1) (available at https://www.uscis.gov/policy-manual/volume-2-part-a-chapter-4 (last visited Dec. 22, 2022).

But, in cases when another agency, such as CBP, approved an initial petition, "USCIS officers consider, but do not defer to, previous eligibility determinations[.]"  *Id.* § B(2).

As explained above, CBP approved the initial visa.  Thereafter, USCIS sent a Notice of Action.  It appears that the Notice of Action merely confirmed that CBP approved the initial visa, rather than affirmed the approval under any sort of consideration of the merits.  Therefore, USCIS failed to issue its own decision on the initial visa, and its policy required only that it "consider"

CBP's approval. *Id.* USCIS did so in both the NOID and the decision, and thus adhered to its policy. The Court will thus deny Ravi Avi relief on this ground.

### B.     *Whether USCIS failed to consider Ravi Avi's staffing needs*

Ravi Avi contends USCIS failed to consider its necessary staffing levels in its decision, instead relying solely on the number of people employed. USCIS counters that it properly considered the needs of Ravi Avi's businesses.

Under 8 U.S.C. § 1101(a)(44)(C), if USCIS considers staffing levels "in determining whether an individual is acting in a managerial or executive capacity," it must "take into account the reasonable needs of the organization, component, or function in light of the overall purpose and stage of development of the organization, component, or function." *Id.* It shall not determine whether an individual acts in a managerial or executive capacity "merely on the basis of the number of employees that the individual supervises or has supervised or directs or has directed." *Id.*

USCIS considered Ravi Avi's staff. It noted that while the wage report provided by Ravi Avi indicated it employed twenty-five people, its proffered organizational structure shows only twenty employees, casting doubt on the reliability of the evidence.

Moreover, USCIS noted that of those twenty or twenty-five employees, twelve worked for Ravi Avi "for a very limited time." Decision at 5. For example, one employee was paid only $428.00 during 2018, indicating very few hours worked. USCIS determined the evidence showed Ravi Avi had only seven full time employees across its three locations.

USCIS's decision reasons that the small number of staff—and limited hours worked by those employees—indicates that Patel likely engaged in non-qualifying activities given the "extensive operating hours" of the gas station/convenience stores. Decision at 5; *see also* NOID at 4 (same). In other words, given the lack of staffing, the stores could not, in the USCIS's

estimation, remain open without Patel "performing the day-to-day non-qualifying duties" at Ravi Avi. Decision at 5; *see also Republic of Transkei v. INS*, 923 F.2d 175, 177 (D.C. Cir. 1991) (affirming denial of petition because employer failed to show employee was "more than a first-line supervisor as required by the regulations" (internal quotation marks omitted)).

Ravi Avi failed to furnish evidence, such as schedules, which refuted USCIS's determination as to the significance of the staffing levels by a preponderance of the evidence.

USCIS thus made no clear error of judgment, and its consideration of the staffing levels was not arbitrary and capricious. Therefore, the Court will also deny Ravi Avi relief on this ground.

### C. *Whether USCIS ignored sufficient evidence of corporate structure*

Ravi Avi maintains USCIS ignored evidence in the record that the structures of Ravi Avi and Shrijee are sufficient to support an executive. USCIS disputes this, noting inconsistencies and gaps in Ravi Avi's evidence.

In its decision, USCIS considered a number of factors to determine Patel's roles at both Ravi Avi and Shrijee were not primarily executive or managerial in nature. This included, as noted above, its finding that Ravi Avi presented inconsistent evidence, undermining its credibility, and its determination that "[t]he provided documentation indicates that there is not sufficient organizational structure to support the beneficiary in an executive capacity." Decision at 5 (Ravi Avi); *see also id.* at 7 (Shrijee).

As discussed above, USCIS determined Ravi Avi had only seven full-time employees between its three locations. Given the limited number of employees and the perceived daily needs of the three locations, the Court will refrain from disturbing USCIS's determination that Ravi Avi

7

failed to meet its burden of showing its corporate structure failed to support an executive. The Court will therefore deny Ravi Avi relief on this ground, too.

### D.     Whether USCIS improperly ignored expert testimony

Ravi Avi next posits USCIS improperly discounted Gary L. Karns's (Karns) expert opinion, and now relies on improper *post hac* rationalization. USCIS insists that its decision properly considered and dismissed Karns's expert opinion, determining it improperly relied on materials supplied by Ravi Avi and that Karns failed to opine that Patel's role was "primarily" managerial or executive in nature.

This Court may review the agency decision "solely by the grounds invoked by the agency." *Sec. and Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947). "If those grounds are inadequate or improper, the [C]ourt is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *Id.* The Court therefore must ignore any post hoc rationalizations. *See State Farm*, 463 U.S. at 50 (explaining the Court "may not accept appellate counsel's *post hoc* rationalizations for agency action.").

Further, an agency cannot discount an expert's opinion merely because the record contains no corroborating evidence. *See Castillo v. Barr*, 980 F.3d 1278, 1284 (9th Cir. 2020) ("If an expert's opinion could only be relied upon if it were redundant with other evidence in the record, there would be no need for experts."). But that is not what happened here.

Karn opined Patel served in a managerial and executive capacity at Shrijee in Canada. He also opined Patel currently served in a managerial and executive capacity at Ravi Avi in the United States, and will continue to do so.

The decision states Karns's opinion failed to carry Ravi Avi's burden of proof because his analysis of Patel's job descriptions was insufficient to explain the gaps in the evidence.

Specifically, Karns fails to address how evidence of Ravi Avi's limited staffing allowed Patel to act in a primarily executive or managerial capacity, rather than day-to-day non-qualifying activities.  *See also Nat'l Hand Tool Corp. v. Pasquarell*, 889 F.2d 1472, 1476 (5th Cir. 1989) ("the critical point in this case is that there was a significant failure to make a factual showing [that beneficiary] was 'primarily' a manager").  Consequently, USCIS determined such evidence contradicted Karn's opinion.

Further, the decision notes that Karns based his opinions upon job duties provided by Ravi Avi, rather than evidence of his role at the company.  *See* Decision at 2 ("All Dr. Karns' letter provides is a list of job duties, themselves which do not provide sufficient detail or specificity as to what the beneficiary has planned, developed, or policies that the beneficiary has established.  Any strategies, contracts, or negotiations that the beneficiary may have managed are not presented by the petitioner, nor do they appear to be examined by Dr. Karns.").

These reasons suffice, under the Court's forgiving standard of review, to discount Karns's opinion.  *See Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063, 1070 n.9 (9th Cir. 2008) (finding that USCIS did not abuse its discretion in failing to give an expert opinion evidentiary weight because the opinion relied on descriptions provided by the employer rather than any "specific study" of the beneficiary's performance at the company).

In its motion, USCIS states that it discounted Karn's opinion because he failed to opine Patel's position was "primarily" executive or managerial.  *See* USCIS Motion at 22 ("On this record, USCIS does not dispute that Patel performed some executive or managerial functions; the issue is that Ravi Avi has not proved that either position was primarily executive or managerial in nature.").

The decision fails to state as much in so many words. *Cf.* Decision at 1 ("Dr. Karns concluded that the nature of the beneficiary's foreign position qualified both as primarily managerial and primarily executive in nature. Dr. Karns likewise concluded that the beneficiary's proposed U.S. position qualified both as primarily managerial and primarily executive in nature.").

Rather, this is implied in the discussion. The decision neglected to find that Patel engaged in none of the activities in the job description; instead, it determined the evidence was insufficient to show those duties constituted his primary role given the other apparent needs of the company. *See id.* at 2 ("Though these positions might be either managerial or executive in nature, it is the petitioner's burden to establish that these positions qualify, and presenting a letter from an attorney, and an opinion letter, even from an expert the caliber of Dr. Karns, does not establish, by a preponderance of the evidence, that these positions do qualify."). Thus, USCIS fails to rely on any improper *post hac* rationale.

Although USCIS's analysis in the decision could have been clearer as to all the reasons for discounting Karns's opinion, the Court is able to discern its rationale, which fails to require reversal. *See Alaska Dep't of Env't Conservation v. Env't Prot. Agency,* 540 U.S. 461, 497 (2004) ("Even when an agency explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may reasonably be discerned." (internal quotation marks omitted)).

The Court will thus deny Ravi Avi relief on this ground, as well.

*****

In sum, the decision, although imperfect in certain respects, fails to constitute a "clear error of judgment." *Holly Hill Farm Corp. v. United States*, 447 F.3d 258, 263 (4th Cir. 2006) (internal citation omitted) (reiterating that "[t]he ultimate standard of review is a narrow one"). USCIS

10

"engaged in reasoned decisionmaking[,]" *Judalang v. Holder*, 565 U.S. 42, 53 (2011), and so the Court will affirm the decision.

Because the foregoing analysis is dispositive, the Court need not consider the parties other arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta.*").

## V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court USCIS's motion for summary judgment is **GRANTED**; Ravi Avi's motion for summary judgment is **DENIED**; and USCIS's decision is **AFFIRMED**.

 **IT IS SO ORDERED.**

Signed this 10th day of January 2023, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE